IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHY L. ZAWELENSKY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 20-1425 |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 22nd day of September, 2021, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[2]  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990)

---

[1]     Kilolo Kijakazi is substituted as the defendant in this matter, replacing former Commissioner Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).  The Clerk is directed to amend the docket to reflect this change.

[2]     Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request.  Accordingly, the Court will award no costs.  *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

(if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[3]

---

[3]    Plaintiff argues that the residual functional capacity ("RFC") formulated by the Administrative Law Judge ("ALJ") failed to account for all of her work-related limitations and, therefore, that it was not supported by substantial evidence.  The Court disagrees and finds that substantial evidence supports the ALJ's RFC determination and her decision that Plaintiff is not disabled.

Plaintiff asserts that the RFC in this matter is incomplete because it failed to incorporate several limitations caused by her blepharospasms that she believes were established by the record, including the need for additional off-task time due to her need to manually keep her eyes open, and restrictions regarding workplace obstacles, daytime driving, text size, and tasks requiring depth perception.  However, these limitations are based entirely on her own subjective statements about her symptoms which, as the ALJ discussed, are not supported by the objective medical evidence.  (R. 18-20).  As the ALJ pointed out, records from both Aaron Sobol, M.D., Plaintiff's ophthalmologist, and Johns Hopkins Medicine, with whom Plaintiff also treated, showed generally successful treatment of Plaintiff's condition with botulinum toxin injections, oral medication, and eye drops.  (R. 18, 257, 320, 328, 332, 340, 348, 354, 361, 365, 372, 376, 380, 389, 442, 448, 453, 471-72, 509).  In fact, the most recent records documented particularly significant improvement in Plaintiff's symptoms.  (R. 509).  The records also, as the ALJ discussed, demonstrated consistently stable visual acuity.  (R. 19).  None of the medical records suggested the need for restrictions regarding obstacles, text size, daytime driving, or depth perception, and none provided any basis for finding that Plaintiff would need additional time to complete tasks.  The ALJ did include a number of limitations in the RFC to account for Plaintiff's blepharospasms and discussed with sufficient specificity the record support for these findings, which included the opinions of Dr. Sobol (R.251) and of the state reviewing agent (R. 57-65).  She also noted that Plaintiff had asserted that her condition is worsening, but also that her doctors have indicated that more frequent injections are an option to the extent that the duration of relief Plaintiff experienced did not improve.  (R. 18, 19, 512, 519).

To the extent that Plaintiff contends that her own testimony was sufficient to require that these additional limitations be included in the RFC, the Court notes that the ALJ thoroughly considered Plaintiff's testimony, but found that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other record evidence.  (R. 18).  She discussed the reasons for this finding at great length.  Where an ALJ has articulated reasons supporting a credibility determination, that determination is afforded significant deference.  *See Horodenski v. Comm'r of Soc. Sec.,* 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003).  The Court finds that such deference is warranted in this case.  Indeed, the ALJ did not ignore any of the limitations to which Plaintiff testified, but merely made a finding, supported by substantial evidence, that this testimony was not fully consistent with the record evidence.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 11) is DENIED and that Defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

---

Plaintiff, in essence, is not really contending that the ALJ considered improper or inaccurate evidence in making the findings in this case, but rather that the evidence should be read to support her conclusion that she suffered from additional functional limitations. However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). Here, more than substantial evidence supports the ALJ's determination, as she herself discussed at length.

Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.